**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RUTHIE BURKE, HARDIES CLAYTON, and SHAWN P. CLAYTON, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. |
| vs. | ) ) ) | COMPLAINT FOR VIOLATION OF CIVIL RIGHTS |
| THE CITY OF CHICAGO, JAMES BRINKLEY, Star No. 17677, GERALD KUSH, Star No. 18956, WILLIAM MORALES, Star No. 1030, ANGELINA ALVEAR, Star No. 14141, MATTHEW KREPTOWSKI, Star No. 14255, VICENTE DIAZ, Star No. 4599, RAYMOND ARCE, Star No. 9519, ANDREW PANG, Star No. 13153, LEOPOLDO MORALES, Star No. 4779, MATTHEW RAMIREZ, Star No. 14984, PATRICK MORIARTY, Star No. 8331, JHONATHAN PEREZ, Star No. 13162, DANIEL OJEDA, Star No. 10152, and LIXYS GONZALEZ, Star No. 15128, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **JURY DEMANDED** |
| Defendants. | ) | |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Sections 1983 and 1985). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1381 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff Ruthie Burke ("Burke") was and is now a citizen of the United States.

1

4. At all times herein mentioned, Plaintiff Hardies Clayton ("H. Clayton") was and is now a citizen of the United States.

5. At all times herein mentioned, Plaintiff, Shawn P. Clayton ("S. Clayton"), was and is now a citizen of the United States.

(Burke, H. Clayton and S. Clayton are collectively referred to herein as the "Plaintiffs").

6. At all times herein mentioned Chicago Police Officer James Brinkley, Star No. 17677 ("Brinkley"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

7. At all times herein mentioned Chicago Police Officer Gerald Kush, Star No. 18956 ("Kush"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

8. At all times herein mentioned Chicago Police Officer William Morales, Star No. 1030 ("Morales"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

9. At all times herein mentioned Chicago Police Officer Angelina Alvear, Star No. 14141 ("Alvear"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

10. At all times herein mentioned Chicago Police Officer Matthew Kreptowski, Star No. 14255 ("Kreptowski"), was employed by the Chicago Police Department, and was acting

under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

11. At all times herein mentioned Chicago Police Officer Vicente Diaz, Star No. 4599 ("Diaz"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

12. At all times herein mentioned Chicago Police Officer Raymond Arce, Star No. 9519 ("Arce"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

13. At all times herein mentioned Chicago Police Officer Andrew Pang, Star No. 13153 ("Pang"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

14. At all times herein mentioned Chicago Police Officer Leopoldo Morales, Star No. 4779 ("Morales"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

15. At all times herein mentioned Chicago Police Officer Matthew Ramirez, Star No. 14984 ("Ramirez"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

16. At all times herein mentioned Chicago Police Officer Patrick Moriarty, Star No. 8331 ("Moriarty"), was employed by the Chicago Police Department, and was acting under color

of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

17. At all times herein mentioned Chicago Police Officer Jhonathan Perez, Star No. 13162 ("Perez"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

18. At all times herein mentioned Chicago Police Officer Daniel Ojeda, Star No. 10152 ("Ojeda"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

19. At all times herein mentioned Chicago Police Officer Lixys Gonzalez, Star No. 15128 ("Gonzalez"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

(Brinkley, Kush, Morales, Alvear, Kreptowski, Diaz, Arce, Pang, Morales, Ramirez, Moriarty, Perez, Stegmiller, Ojeda, and Gonzalez are collectively referred to herein as the "Individual Defendants").

20. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, The City of Chicago maintained, managed, and/or operated the Chicago Police Department.

## FACTUAL ALLEGATIONS

21. On January 17, 2019, Plaintiffs resided in their home located at 4239 W. West End, Chicago, Illinois.

4

22. At approximately 10:00 p.m. on January 17, 2019, the Individual Defendants entered and searched the Plaintiffs' home located in Chicago, Illinois.

23. None of the Individual Defendants knocked and announced their office or indicated they had a search warrant prior to forcibly entering Plaintiffs' home on January 17, 2019.

24. There was no legal cause to search the Plaintiffs' home on January 17, 2019.

25. The Individual Defendants caused excessive and unnecessary property damage while searching the Plaintiffs' home on January 17, 2019.

26. Plaintiffs did not consent to their home being searched on January 17, 2019.

27. On January 17, 2019, the Individual Defendants seized Plaintiffs H. Clayton and S. Clayton.

28. During the course of the search on January 17, 2019, the Individual Defendants pointed guns at Plaintiffs H. Clayton and S. Clayton.

29. Plaintiffs did not consent to being seized.

30. There was no outstanding arrest warrant for Plaintiffs.

31. There was no legal cause to seize Plaintiffs H. Clayton and S. Clayton.

32. By reason of the above-described acts and omissions of Defendants, Plaintiffs sustained injuries, including but not limited to, property damage, humiliation and indignities, and plaintiffs suffered great mental and emotional trauma, pain and suffering all to their damage in an amount to be ascertained.

33. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

34. By reason of the above-described acts and omissions of the Defendants, and each of them, Plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within action so that they might vindicate the loss and impairment of her rights. By reason thereof, Plaintiffs requests payment by Defendants, and each of them, of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
**Plaintiffs against the Individual Defendants**
**For Unreasonable Search and Seizure**

35. Plaintiffs hereby incorporate and reallege paragraphs one (1) through thirty-four (34) hereafter as though fully set forth at this place.

36. By reason of the Defendants' conduct, Plaintiffs were deprived of rights, privileges and immunities secured to her by the Fourth and Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

37. The arbitrary intrusion by Defendants into the security and privacy of Plaintiffs' home was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendants violated the Plaintiff's rights in the following manner on January 17, 2019: (1) the forcible entry and search of Plaintiffs' home; (2) forcibly entering the home without first knocking and announcing their office; (3) causing excessive and unnecessary property damage to the Plaintiffs' home and personal property contained therein; (4) seizing Plaintiffs' property without just cause; and (5) seizing Plaintiffs H. Clayton and S. Clayton without just cause. These acts were in violation of the Plaintiffs' Fourth Amendment rights. Therefore, the Defendants, and each of them, in their individual capacity are liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

## COUNT II
### Plaintiff against Defendant Brinkley for
### Unreasonable Procurement of a Search Warrant

38. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty-four (34) hereat as though fully set forth at this place.

39. Plaintiff is informed and believes that Defendant Brinkley may have procured a search warrant on or about January 15, 2019, identifying an individual named "Shaun Patterson" as the target of the warrant, the Plaintiffs' home as the premises to be searched, and cannabis, items used for the mixing and weighing of cannabis, currency and proof of residency as items to be seized.

40. Shaun Patterson did not reside at the Plaintiffs' home at any time.

41. Cannabis was not present within the Plaintiffs' home on January 14, 15, or 17, 2019.

42. Procurement of the search warrant was unreasonable and unconstitutional for one or more of the following reasons:

    a. the Defendant relied upon a confidential informant who had not previously provided reliable information in order to obtain the warrant;

    b. the Defendant failed to independently verify information provided by the confidential informant prior to obtaining the warrant;

    c. the Defendant failed to advise the Assistant State's Attorney approving the warrant application and the judge issuing the warrant of all available relevant information related to Plaintiffs' home and that "Shaun Patterson" did not reside at Plaintiff's home.

    d. the Defendant failed to conduct a search of available databases for any information connecting the Plaintiffs to marijuana or "Shaun Patterson" to the Plaintiff's home;

    e. the Defendant failed to be truthful with the Assistant State's Attorney approving the warrant application and the judge issuing the warrant regarding all information provided by any alleged confidential information and corroboration of that information or lack thereof;

43. No reasonably well-trained police officer in the position of Brinkley would have applied for the search warrant obtained by Brinkley and it was done intentionally or with reckless disregard to the rights of Plaintiff.

44. As a result of Brinkley's unreasonable procurement of the search warrant, Plaintiffs sustained damages including but not limited to property damage, property loss, and emotional distress.

45. The procurement of the search warrant was in violation of Plaintiffs Constitutional Rights and not authorized by law. The foregoing was unnecessary, unreasonable and excessive, and in violation of Plaintiff's Fourth Amendment rights under the U.S. Constitution. Therefore, Brinkley, in his individual capacity, is liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

### COUNT III
**Plaintiffs against the Individual Defendants and the City of Chicago for the State Supplemental Claim of Trespass**

46. Plaintiffs hereby incorporate and reallege paragraphs one (1) through thirty-four (34) hereat as though fully alleged at this place.

47. The Individual Defendants committed the tort of trespass when they entered Plaintiffs' home without permission or authority on January 17, 2019.

48. The City of Chicago is liable to Plaintiffs for the acts of the Individual Defendants pursuant to the doctrine of *respondeat superior.*

WHEREFORE, Plaintiffs, by and through their attorneys, ED FOX & ASSOCIATES, requests judgment against the Defendants, and each of them as follows:

1. That the Defendants be required to pay the Plaintiffs' general damages including emotional distress, in a sum to be ascertained.

2. That Defendants be required to pay Plaintiffs' special damages.

3. That Defendants, except the City of Chicago, be required to pay Plaintiffs' exemplary and punitive damages in a sum to be ascertained;

4. That Defendants be required to pay Plaintiffs' attorneys' fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

5. That Defendants be required to pay Plaintiffs the costs of suit herein incurred; and

6. That Plaintiffs have such other and further relief as the court may deem just and proper.

> BY: s/Jonathan R. Ksiazek
> Jonathan R. Ksiazek
> ED FOX & ASSOCIATES, LTD.
> Attorneys for Plaintiffs
> 300 West Adams, Suite 330
> Chicago, Illinois 60606
> (312) 345-8877
> jksiazek@efoxlaw.com

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY**

        BY:    s/Jonathan R. Ksiazek
                    Jonathan R. Ksiazek
                    ED FOX & ASSOCIATES, LTD.
                    Attorneys for Plaintiffs
                    300 West Adams, Suite 330
                    Chicago, Illinois 60606
                    (312) 345-8877
                    jksiazek@efoxlaw.com